```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **WOODIE F. MARRISETTE,** | * |
| Plaintiff, | * |
| vs. | *  CIVIL ACTION NO.21-00397-CG-B |
| **BABER'S APPLIANCES,** | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on Plaintiff Woodie F. Marrisette's amended complaint and motion to proceed *in forma pauperis*. (Docs. 3, 4). For the reasons set forth below, it is **RECOMMENDED** that Marrisette's amended complaint be **DISMISSED**, without prejudice, for failure to properly assert subject matter jurisdiction, and under the authority of Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket for Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a). It is further **RECOMMENDED** that Marrisette's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED**.

### I. BACKGROUND

Plaintiff Woodie F. Marrisette, proceeding *pro se*, initiated this action on September 13, 2021, by filing a complaint with the Court. (Doc. 1). At the time that Marrisette filed his complaint,

he did not pay the statutory filing fee of $402.00,[1] nor did he file a motion to proceed without the prepayment of fees.

On October 25, 2021, the Court ordered Marrisette to file a conforming motion to proceed without prepayment of fees by November 15, 2021, or, in lieu thereof, to pay the $402.00 statutory filing fee by that date. (Doc. 2).  The Court instructed the Clerk to send Marrisette a form for a motion to proceed without prepayment of fees and a copy of the *Pro Se* Litigation Guide. (Id.). Marrisette was cautioned that failure to timely file the motion or pay the filing fee would result in the dismissal of this action. (Id. at 4).

On November 10, 2021, Marrisette filed a motion for leave to proceed *in forma pauperis*. (Doc. 4).  A review of Marrisette's motion reflects that he omitted the page requesting information about financial resources and monthly obligations. (Id.). Thus, the Court is unable to determine how Marrisette is meeting his basic living needs, or whether he is financially able to pay the

---

[1] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a).  As of December 1, 2020, a $52.00 administrative fee is also imposed, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14. See Jones v. Mack, 2019 WL 1811056, at *5 (S.D. Ala. Apr. 3, 2019), *report and recommendation adopted*, 2019 WL 1810995 (S.D. Ala. Apr. 24, 2019).

statutory filing fee.  Accordingly, his motion is **DENIED**.[2]

In addition, in the Court's order dated October 25, 2021, Marrisette was expressly advised that a review of his complaint revealed that it was woefully deficient.  (Doc. 2).  The Court pointed out that the complaint identified the Defendant as "Baber's Appliances" and consisted of only two sentences: "Do not report to credit bureau accounting fraud. I have receipt to prove it." (Doc. 1 at 1).  The Court placed Marrisette on notice that his complaint, as drafted, contained no information regarding the basis for, or the nature of, Marrisette's claim or request for relief. The complaint also failed to provide any basis for federal jurisdiction.  The Court also advised Marrisette that his complaint did not contain a short and plain statement of his claims as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Court instructed Marrisette to file an amended complaint by November 15, 2021, that provided: (1) facts regarding his claim, (2) the grounds upon which his claims were based, and (3) facts establishing federal jurisdiction.  (Doc. 2).  Marrisette was cautioned that failure to timely file an amended complaint that corrected the deficiencies outlined in the order would result in

---

[2] Because the undersigned is recommending herein that Marrisette's action be dismissed, without prejudice, it is unnecessary to afford him yet another opportunity to file an amended motion to proceed *in forma pauperis* or to pay the requisite filing fee.

3

this Court's recommendation that this case be dismissed. (Id.).

On November 10, 2021, Marrisette filed an amended complaint. (Doc. 3). A review of the amended complaint reveals that it, like the original complaint, is woefully deficient. Indeed, the amended complaint again names one defendant, Baber's Appliances, and consists of only one partial sentence: "Failed to report financed furniture and merchandise to credit bureau."[3] (Doc. 3 at 1). Despite the fact that the Court ordered Marrisette to file an amended complaint that provides (1) the facts regarding his claim, (2) the grounds upon which his claims were based, and (3) the facts establishing federal jurisdiction, Marissette filed an amended complaint comprised of one incomprehensible sentence. (Doc. 3). Notwithstanding the Court's clear warning to Marrisette that his failure to timely file an amended complaint correcting the deficiencies outlined in the order would result in a recommendation of dismissal, he nevertheless failed to comply with the Court's directives.

## II.  DISCUSSION.

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). "They are 'empowered to

---

[3] Marrisette also attached as exhibits multiple payment receipts. (Doc. 3-1).

4

hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Id. (citations omitted).  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id.

"When a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter jurisdiction over her case exists." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

> Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. Stanley v. C.I.A., 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); see also DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1303 (11th Cir.2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). That is,

5

> if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331, n. 6 (11th Cir.2001) ("'[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" (quoting Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir.1993))); see also Belleri v. United States, 712 F.3d 543, 547 (11th Cir.2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

Travaglio, 735 F.3d at 1268-69.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In this case, Marrisette has failed to allege any of the three types of subject matter jurisdiction.

While pleadings filed by *pro se* litigants are given liberal construction, "we nevertheless have required them to conform to procedural rules."  Moree v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 33112, *2, 2017 WL 1319840, *2 n.1 (S.D. Ala. Mar. 6, 2017), *report and recommendation adopted,* 2017 WL 1294003 (S.D. Ala. Apr. 4, 2017) (quoting  Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). A plaintiff must "affirmatively allege facts

6

demonstrating the existence of jurisdiction." Moree, 2017 U.S. Dist. LEXIS 33112 at *2 n.1, 2017 WL 1319840 at *2 n.1 (quoting Taylor, 30 F.3d at 1367; see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . . .").

As with Marrisette's initial complaint (Doc. 1), his amended complaint (Doc. 3) fails to contain, as it must, "a short and plain statement of the grounds for the Court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any basis reasonably apparent from the face of the pleading.  A review of the one-sentence amended complaint reveals that the cause of action could be in the nature of a dispute over payments for purchased merchandise (hence the attached payment receipts) or in the nature of a claim for inaccurate reporting of payments to the credit bureau (hence the inclusion of the words "report" and "credit bureau" in the one-sentence amended complaint).  However, it is not for the Court to hypothesize, speculate, or guess under which possible theory, claim, or facts a plaintiff might be seeking to recover or which might provide subject matter jurisdiction in the form of federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity

jurisdiction pursuant to 28 U.S.C. § 1332.[4]  Because Marrisette has not alleged facts which show that federal subject matter jurisdiction over this case exists, this case is due to be dismissed.  See Moree, 2017 U.S. Dist. LEXIS 33112 at *6-7, 2017 WL 1319840 at *3.

In addition to the foregoing, Marrisette has failed to amend his complaint, as ordered, to comply with Federal Rule of Civil Procedure 8(a).

> Rule 8(a) requires the complaint to contain a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted). . . .
>
> When a complaint does not comply with Rule 8(a), the Court is required to intervene at the earliest opportunity and order the plaintiff to re-plead his or her complaint by filing a complying amended complaint. Pelletier v. Zweifel, 921 F. 2d 1465, 1522 n.103 (11th Cir. 1991), *abrogation on other grounds recognized by* Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1359 (11th Cir. 2018)). Otherwise, the Court and the defendant would have to decipher a plaintiff's pleadings "with the expenditure of much time and effort." Id. The failure to plead an amended complaint that

---

[4] Under § 1332(a)(1), a district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In neither the original complaint nor the amended complaint does Marrisette identify the citizenship of the parties or the requisite amount in controversy such that diversity jurisdiction is apparent.

> complies with Rule 8(a), that is, an amended complaint that provides fair notice to the Court and each defendant of each claim against each defendant, after being required to re-plead a complaint, will result in the dismissal of the action under Fed.R.Civ.P. 41(b) for the failure to comply with the Court's order. Pelletier, 921 F. 2d at 1522 n.103 (requiring a court to "intervene at the earliest possible moment in the proceeding" when faced with a complaint that does not comply with the Federal Rules of Civil Procedure and require the plaintiff to replead his or her entire case).
>
> "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). When a plaintiff does not comply with a court's order, a district court has the discretion to dismiss a claim if the plaintiff fails to prosecute it or comply with the Federal Rules of Civil Procedure or a court order. FED.R.CIV.P. 41(b).

(Doc. 7 at 2-5).

Marrisette's initial complaint and his subsequent amended complaint consist of essentially one to two largely incomprehensible sentences which do little to establish a factual basis for his claims and, more importantly, do nothing to establish the jurisdiction of this Court. Therefore, dismissal of this action is mandated by Federal Rule of Civil Procedure 12(h)(3) for Plaintiff's failure to properly assert subject matter jurisdiction, and it is warranted under the authority of Federal

9

Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket for Plaintiff's failure to comply with Rule 8(a). See Moree, 2017 U.S. Dist. LEXIS 33112 at *6-7, 2017 WL 1319840 at *3.

### III. CONCLUSION.

Marrisette has not alleged facts which, if true, show that federal subject matter jurisdiction over this case exists, despite being given ample opportunity to cure this deficiency. The undersigned is convinced that any further attempt to do so would be futile. Thus, this Court being without any apparent jurisdiction must dismiss this action. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, assuming jurisdiction, Marrisette's amended complaint is subject to dismissal under the authority of Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket as Marrisette has failed to comply with this Court's previous order to amend his complaint to comply with Federal Rule of Civil Procedure 8(a).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED, without prejudice**, under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 41(b). If Marrisette elects to file an objection to this Report and Recommendation, he is

instructed to draft and file an amended complaint that corrects the deficiencies outlined herein.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

11

refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **November, 2021.**

                                             **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**